UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DEBRA ANNETTE HIRSCH,**

      **Plaintiff,**

v.                                 Case No.  6:21-cv-1920-CEM-LHP

**18TH JUDICIAL CIRCUIT
COURT OF FLORIDA, OFFICE
OF CLERK OF CIRCUIT COURT
BREVARD COUNTY, FLORIDA,
RACHEL M. SADOFF, RACHEL
M. SADOFF, MICHELLE L.
NABERHAUS, and MICHELLE L.
NABERHAUS,**

      **Defendants.**

_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Demand for Removal ("Demand," Doc. 9), wherein Plaintiff requests that the Undersigned be removed from this case. Under 28 U.S.C. § 144, a judge must recuse himself when a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." However, to warrant recusal under this provision, "the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Similarly, under 28 U.S.C. § 455(a), a judge must

"disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . ." *Id*. § 455(b)(1). The Court must determine "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).

Plaintiff's Demand is based on her disagreement with the Undersigned's issuance of orders "which were unsworn declarations." (Doc. 9 at 2). The Demand also attaches, and thus seems to direct its objection to, the Undersigned's Initial Order ("Order," Doc. 4), requiring the parties to file a Disclosure Statement and Notice of Pendency of Other Actions in accordance with the Local Rules.[1] Arguments for recusal under both §§ 144 and 455 should "be made on the basis of conduct *extra-judicial in nature* as distinguished from conduct within a judicial context." *Davis v. Bd. Of Sch. Comm'rs of Mobile Cnty.*, 517 F.2d 1044, 1052 (5th Cir. 1975) (emphasis added).[2] Because Plaintiff's objection is based solely on the Undersigned's issuance of the Order as "unsworn," this contention is "completely judicial—as opposed to *extra*-judicial—in nature, and [is] therefore improper

---

[1] This is the only order that has been issued thus far by the Undersigned in this case.
[2] Cases decided by the Fifth Circuit prior to October 1, 1981, are binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

grounds for recusal." *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787-EAK-AEP, 2018 WL 8919875, at *2 (M.D. Fla. Mar. 9, 2018) (emphasis in original); *id*. ("Conduct is considered 'extra-judicial' when it occurs outside the present judicial proceedings." (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994))). Further, "expressions of impatience, dissatisfaction, annoyance, and even anger" with "[a] judge's ordinary efforts at courtroom administration" are insufficient grounds for establishing bias or partiality. *Liteky*, 510 U.S. at 555–56. Because Plaintiff's Demand challenges only the administration of the Undersigned's orders within the judicial context, it is due to be dismissed.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Plaintiff's Demand for Removal (Doc. 9) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 10, 2022.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party