# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DEBRA ANNETTE HIRSCH,

        Plaintiff,

v.                                     Case No:   6:21-cv-1920-CEM-LHP

18TH JUDICIAL CIRCUIT COURT OF
FLORIDA, OFFICE OF CLERK OF
CIRCUIT COURT BREVARD
COUNTY, FLORIDA, RACHEL M.
SADOFF, RACHEL M. SADOFF,
MICHELLE L. NABERHAUS and
MICHELLE L. NABERHAUS,

        Defendants

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause comes before the Court on various motions filed in this case, each of which are at least tangentially interrelated, and each of which have been referred to the undersigned:

- A Motion for Change to Proper Venue filed *pro se* by Debra Annette Hirsch ("Hirsch") (Doc. No. 1).

- Hirsch's letter to the Clerk of Court regarding the Motion for Change to Proper Venue, construed as a motion for clarification regarding same (Doc. No. 2).

- A Motion to Remand filed by Wilmington Trust, National Association (Doc. No. 6).

- Hirsch's Reply in Opposition and Motion to Strike Motion for Remand (Doc. No. 8).

- A Motion to Dismiss filed by named Defendant Michelle L. Naberhaus (Doc. No. 22).

- A Motion to Quash for improper service filed by named Defendant the Eighteenth Judicial Circuit Court of Florida (Doc. No. 23).

- A Motion to Dismiss filed by named Defendant Rachel M. Sadoff (Doc. No. 24).

- Hirsch's "Objection to Notice of Appearance of Defendant's Counsel and Third-Party Intervenor and Plaintiff's Motion for Clarification of Good Faith Competency Requirements and a Conclusion" (Doc. No. 25).

- Hirsch's "Objection to Appearance of Defendant Sadoff's Counselor and Rebuttal of [Doc. 24] and Plaintiff's Motion for Clarification of

Good Faith Competency Requirements with a Conclusion (Doc. No. 32).

- Hirsch's "Verified Rebuttal to Defendant Rachel M. Sadoff's Amended Local Rule 3.01(G) Certification [Doc. 33] and Motion to Quash and Requirements to Address the Plaintiff [Doc. 25] a Foreign Sovereign and a Conclusion" (Doc. No. 39).

- Three motions for Clerk's default filed by Hirsch against Michelle L. Naberhaus, Rachel M. Sadoff, and the Eighteenth Judicial Circuit Court of Florida (Doc. Nos. 50–52).

Upon consideration, I issue this omnibus Report and Recommendation addressing these motions collectively. For the reasons that follow, it is respectfully **RECOMMENDED**, to the extent that a state court action has been removed to this Court by Hirsch's Motion for Change to Proper Venue (Doc. No. 1), that the matter be remanded to the Eighteenth Judicial Circuit Court, in and for Brevard County, Florida. Further, to the extent that Hirsch has properly instituted an independent civil action in this Court, via that motion (Doc. No. 1) or via separate complaints (Doc. Nos. 7, 10), I will respectfully recommend that, upon consideration of the pleadings, as well as the motions to dismiss (Doc. Nos. 22, 24), the Court dismiss this matter without leave to amend, deny any other pending matters as moot, and direct the Clerk of Court to thereafter close the file.

## I.      BACKGROUND SUMMARY.

This matter was instituted in this Court by Hirsch's *pro se* filing of a "Motion for Change to Proper Venue."   Doc. No. 1.   The Motion purports to relate to "18th Judicial Circuit Court case number: 05-2015-CA-011763-XXXX-XX," and includes a letter directed to Chief Judge Corrigan, reciting as follows:

> This Complaint, that a misunderstanding that has led to, and is leading to additional efforts to illegally confiscate my property, as filed with the Clerk of Court of the district court of the United States,
>
> And in support of the Motion for Change to Proper Venue,
>
> I, Debra Annette Hirsch, providing the attached Testimony in the Form of an Affidavit (Exhibit A) affirming that I am a live-born American woman who is being impersonated and misidentified as a "citizen of the United States"
>
> and, additional Testimonies in the Form of an Affidavit are attached as evidence that I am a live-born American who is being impersonated and misidentified as a "citizen of the United States," (see Exhibit B through Exhibit I)
>
> and, to prevent any additional illegal impersonation and misidentification I, Debra Annette Hirsch, require, based on a pending hearing in the 18th Judicial Circuit Court for a "Writ of Possession" on November 19, 2021, that this Motion for Change to Proper Venue be made posthaste,

Doc. No. 1.[1]   Based on Hirsch's reference to the state court case (Case No. 05-2015-CA-011763-XXXX-XX), I have taken judicial notice of the state court proceedings on which Hirsch relies in the issuance of this Report.[2]

In sum, this matter stems from a 2015 mortgage foreclosure action in the Eighteenth Judicial Circuit Court of Florida, through which, on November 20, 2019, Wilmington Trust, National Association, not in its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 ("Wilmington Trust"), obtained a Final Judgment of Foreclosure against Hirsch, among other Defendants.   *See* Doc. No. 6, at 11–15. Pursuant to the Final Judgment of Foreclosure, Wilmington Trust holds a lien against property located at 125 Macaw Lane, Merritt Island, Florida, and the property was set to be sold on January 15, 2020.   *See id.* at 12.   Hirsch filed an objection to the sale and moved to vacate the final judgment.   *See id.* at 18–19.   The objection was overruled and her motion denied, and Hirsch filed a notice of appeal

---

[1] Hirsch includes as attachments to the motion several notarized documents titled "Testimony Affirming American Identity of Living Woman" or similar, documents which add no clarity to the relief sought by Hirsch and instead opine as to the alleged misidentification of Hirsch as a "citizen of the United States," and the alleged illegal confiscation of her property located at 125 Macaw Lane in Merritt Island, Florida.   *See* Doc. Nos. 1-1, 1-2, 1-3.

[2] Available at http://brevardclerk.us/case-search, by conducting a "General Public Court Records Search" for Debra Hirsch and selecting case number 05-2015-CA-011763-XXXX-XX.   *See also Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (stating that a court may take judicial notice of public records, such as a complaint filed in another court); *Griffin v. Verizon Commc'ns Inc.*, 746 F. App'x 873, 876 (11th Cir. 2018) (same).   Several of the documents from the state court proceeding have also been filed on the docket in this Court with Wilmington Trust's motion to remand.   *See* Doc. No. 6.   Therefore, for the convenience of the Court, the undersigned also provides citations to those documents where applicable.

in the Fifth District Court of Appeal on August 17, 2021 (Case No. 5D21-2083).   *See id.* at 17–19, 21.

On November 16, 2021, Hirsch filed the "Motion for Change to Proper Venue" in this Court.   Doc. No. 1.   The next day, Hirsch filed in the Eighteenth Judicial Circuit Court a "Notice of Filing Removal of this matter to Federal Court pursuant to 28 USC 1441."   *See* Doc. No. 6, at 24–25.   In that document, Hirsch references the above-styled case, stating that a removal to federal court was effected on November 16, 2021.   *See id.*   It appears that on December 10, 2021, Hirsch also filed a similar notice with the Fifth District Court of Appeal.   *See id.* at 21.

On December 21, 2021, Wilmington Trust appeared in this matter by filing a Motion to Remand.   Doc. No. 6.   Then, on December 23, 2021, Hirsch filed a "1st Amended Complaint."   Doc. No. 7.   On January 24, 2022, Hirsch also filed a response in opposition to the Motion to Remand, which includes an imbedded request to strike the motion.   Doc. No. 8.

On February 2, 2022, Hirsch filed a "2nd Amended Complaint."   Doc. No. 10.   To the extent that the "2nd Amended Complaint" is an operative pleading in this matter, it names as Defendants the Eighteenth Judicial Circuit of Florida, the Office of Clerk of Circuit Court Brevard County, Florida, Rachel M. Sadoff (individually and in her official capacity as Clerk of Court and Comptroller of the Eighteenth Judicial Circuit), and Michelle L. Naberaus (individually and in her

official capacity as Circuit Court Judge for the Eighteenth Judicial Circuit).   *Id.* The "2nd Amended Complaint" does not set forth separate claims for relief, but alleges in part that Hirsch "bring[s] this gross negligence, failure to train, breach of fiduciary claim against all Defendants herein."   *Id.* at 2.   Hirsch also appears to allege a claim of malicious prosecution against Defendant Naberhaus.   *Id.* at 3. The factual allegations in the "2nd Amended Complaint" are largely disjointed and difficult to follow, including allegations such as the "unconstitutional Conscription of being forced into a foreign jurisdiction . . . . for the purpose of illegal financial gain from seizure of privately owned property without due process," that Defendant Naberhaus and other court officers "do not have the proper Oath of Office and cannot bring a claim against [Hirsch]," that as a "State Citizen," Hirsch "hold[s] no office of personhood, obligation or dependency related to the State of Florida," and that "assumptions" should not be made about Hirsch's "political status," all while referencing the state court case.   *Id.* at 2–8.   In the relief requested, Hirsch asks for, among other things, damages, that the Chief Judge of this District be assigned to this case, that the state court foreclosure case be dismissed with prejudice, unspecified "remedy, relief, and restitution" for Defendants' alleged wrongdoings, that her "stolen property be returned," and for discovery.   *Id.* at 8–9.

Defendants Michelle L. Naberhaus and Rachel M. Sadoff have filed motions to dismiss the second amended complaint.   Doc. Nos. 22, 24.   The Eighteenth Judicial Circuit Court of Florida has moved to quash service.   Doc. No. 23.   The docket is also peppered with several other *pro se* filings by Hirsch, which include objections to the appearance of opposing counsel, requests for clarification regarding conferral requirements, and requests for Clerk's defaults, imbedded in some of which are Hirsch's responses to the pending motions.   *See* Doc. Nos. 2, 8, 25, 32, 39.[3]

The undersigned will first address Hirsch's attempted removal of the state court foreclosure matter to this Court, and then, to the extent that a civil action has been properly instituted in this Court, the outstanding requests to dismiss the operative complaint, followed by a recommendation on the remainder of the filings in this case.

## II.   REMOVAL/REMAND.

At first blush, it is not entirely clear what Hirsch is attempting to do by the "Motion for Change to Proper Venue."   Doc. No. 1.   For one, she labels the document as "this Complaint."   *See id.* at 2.   For another, however, she references

---

[3] Hirsch also filed a motion to disqualify the presiding District Judge, which the Court denied.   Doc. Nos. 9, 16.   There is also an outstanding Order to Show Cause directing Hirsch to show cause why sanctions should not be imposed for her behavior towards Court personnel and for her failure to appear at a hearing.   Doc. No. 37.   *See also* Doc. No. 48.

the state court foreclosure matter in the motion, and indicates that she is trying to change the venue due to a state court hearing on a writ of possession, which was set for November 19, 2021. *See id.* Then, she filed documents in the state court proceedings suggesting that she had effectively removed the foreclosure matter from state court, referencing the "Motion for Change to Proper Venue." *See* Doc. No. 6, at 21, 24–25.

Given these inconsistencies, but based on the notices filed in the state court proceedings, the undersigned first construes the "Motion for Change to Proper Venue" as a notice of removal pertaining to the state court foreclosure proceedings in Case No. 05-2015-CA-011763-XXXX-XX. Upon consideration, because any removal of the state court proceedings by Hirsch was improper and ineffective, and because Hirsch has not otherwise demonstrated the Court's jurisdiction over same, I will respectfully recommend, to the extent that the state court action was removed to this Court, that the Court deny Hirsch's "Motion for Change to Proper Venue" and *sua sponte* remand the matter to the Eighteenth Judicial Circuit Court, in and for Brevard County, Florida.

As an initial matter, Hirsch fails to comply with the removal statutes by failing to include a copy of all process and pleadings served in the state court action. *See* 28 U.S.C. § 1446(a). Thus, there is no support for the removal of the case from state court. *Cf. Dietrich v. Hagner*, No. 6:18-cv-225-Orl-37TBS, 2018 WL 1801212, at

*2 (M.D. Fla. Feb. 15, 2018), *report and recommendation adopted*, 2018 WL 1282323 (M.D. Fla. Mar. 13, 2018) (remanding to state court for lack of subject matter jurisdiction after 28 U.S.C. § 1915 review where, among other things, "Defendant failed to file the complete state court record with her notice of removal"); *Deutsche Bank Nat'l Tr. Co. as Tr. for First Franklin Mortg. Loan Tr. 2006-FF11 v. Rowe*, No. 6:15-cv-1101-Orl-31TBS, 2015 WL 13792243, at *2 (M.D. Fla. July 10, 2015), *report and recommendation adopted*, 2015 WL 13792242 (M.D. Fla. July 28, 2015) (remanding to state court after 28 U.S.C. § 1915 review where, among other things, the defendant had not included with the notice of removal all of the process, pleadings, and other papers from the state court proceedings as required by 28 U.S.C. § 1446).

Moreover, the notice of removal (Doc. No. 1) fails to establish that this Court would have jurisdiction over the state court foreclosure matter.   "Removal of state court actions to federal court involves both jurisdictional and procedural considerations." *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1194 (11th Cir. 2007).[4]

---

[4] Procedurally, removal is governed by 28 U.S.C. § 1446.   "While a district court can *sua sponte* remand a case for lack of subject-matter jurisdiction, a district court cannot *sua sponte* remand a case because of a procedural defect."   *U.S. Bank Nat'l Ass'n v. Smith*, 693 F. App'x 827, 829 (11th Cir. 2017).   Examples of procedural defects (rather than jurisdictional defects) include both the forum-defendant rule and the timeliness of removal.   *See id.*   And although Wilmington Trust raises both of these issues in its motion to remand (Doc. No. 6), it does not appear that the motion to remand was itself timely filed within 30 days of removal.   *See* Doc. No. 1 (November 16, 2021, Hirsch filed the "Motion for Change to Proper Venue" in this Court); Doc. No. 6, at 24–25 (November 17, 2021 Hirsch filed in the Eighteenth Judicial Circuit Court a "Notice of Filing Removal of this matter to Federal Court pursuant to 28 USC 1441"); Doc. No. 6, at 2 ¶ 6 (Wilmington Trust acknowledging awareness of the November 17, 2021 filing); Doc. No. 6 (December 21, 2021, Wilmington Trust files motion to remand, outside of thirty-day window).   So, the Court may not

Removal of a matter to federal court is proper only if the court would have original jurisdiction over the action.   *See* 28 U.S.C. §§ 1441(a), 1446(a).   Federal courts have original jurisdiction over civil actions:   (1) arising under the Constitution, laws, or treaties of the United States (*i.e.*, federal question jurisdiction); or (2) where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs (*i.e.*, diversity jurisdiction).   28 U.S.C. §§ 1331, 1332.   "The existence of federal jurisdiction is tested at the time of removal."   *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008).   "A removing defendant bears the burden of proving proper federal jurisdiction."   *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).   "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).

In the notice of removal, as construed, Hirsch, a defendant in the underlying state court foreclosure proceedings, alleges only that she is "a live-born American woman" who has been "misidentified as a citizen of the United States."   Doc. No. 1, at 2.   She references the state court foreclosure proceedings, but does not otherwise state what claims are at issue in the case.   *See id.*

---

rely upon these bases for remand.   *See Smith*, 693 F. App'x at 829.

Upon review of the state court docket, no federal claims appear to exist in the state court case. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[F]ederal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.'" (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis in original)). Nor does Hirsch adequately allege that the Court would have subject matter jurisdiction based on diversity in citizenship between the parties in the state court case. *See* Doc. No. 1. Hirsch's subsequent pleadings also fail to demonstrate same regarding the state court proceedings. *See* Doc. No. 7, at 2, 4 (alleging that Hirsch is both a Floridian and a "South Dakotan State National, American, and One People of We the People in *Sui Juris*," not otherwise alleging the citizenship of the remaining parties to the underlying foreclosure case, and including only that "Defendants" are "U.S. Citizens"); Doc. No. 10, at 2, 5 (same).

Accordingly, because Hirsch does not demonstrate that the Court would have original jurisdiction over the state court foreclosure action, to the extent that Hirsch attempts to remove that action here by her "Motion for Change to Proper Venue," such removal is improper.

In addition, I note that the Florida state court has already entered a final judgment of foreclosure. *See* Doc. No. 6, at 11–15. And, in documents filed in this Court, Hirsch is asking this Court to dismiss the underlying state court foreclosure

proceeding with prejudice, and order that her "stolen property be returned to [her]." *See* Doc. No. 10, at 8 ¶¶ (V)(d), (g).   "[T]his Court has no jurisdiction to relieve" Hirsch of the underlying state court judgment, and Hirsch "cannot challenge the state court's final decision in the foreclosure proceeding without running afoul of the *Rooker-Feldman* doctrine."   *See Fremont Inv. & Loan Co. v. Bedasee*, No. 2:16-cv-740-FtM-99CM, 2016 WL 5816050, at *3 (M.D. Fla. Oct. 5, 2016) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)).[5]   "The [*Rooker-Feldman*] doctrine divorces federal courts from reviewing state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."   *Id.* (citations and quotation marks omitted).   Thus, to the extent that Hirsch seeks to effect removal to challenge the state court final judgment of foreclosure, *see* Doc. Nos. 1, 10, "removal in this case is unavailable."   *See Bedasee*, 2016 WL 5816050, at *3 (citations and quotation marks omitted).   *See also Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021) ("*Rooker-Feldman* means that federal district courts cannot review or reject state court judgments rendered before the district court litigation began.").

_____

[5] The *Rooker-Feldman* doctrine may be raised *sua sponte* by the Court.   *See Bell v. Sykes*, 682 F. App'x 736, 737 (11th Cir. 2017) (affirming *sua sponte* dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine where the plaintiff was merely seeking "appellate review of a state foreclosure judgment that went against her").

Finally, pursuant to *Younger v. Harris,* 401 U.S. 37 (1971) and its progeny, it would be appropriate for the Court to abstain from interfering with/enjoining the state court foreclosure proceedings, to the extent that those proceedings are still ongoing. [6]   "*Younger* and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases—already pending in state court—free from federal court interference." *Butler v. Ala. Judicial Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001).   "The question of whether a federal court should abstain from interfering with a state judicial proceeding 'is threefold: first, do the proceedings constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'"   *Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013)[7] (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).   The Eleventh Circuit "interpret[s] the *Younger* doctrine as preventing federal courts

---

[6] "*Younger* abstention applies to civil proceedings." *Shapiro v. Ingram*, 207 F. App'x 938, 939 (11th Cir. 2006) (citing *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004)).   Under *Younger*, a state judicial proceeding is considered "pending" through the state appeals process. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975).   Here, Hirsch filed a notice of appeal in the Fifth District Court of Appeal on August 17, 2021. *See* Doc. No. 6, at 17.

[7] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

from being the grand overseers of state courts and court-like administration."
*Wexler*, 385 F.3d at 1341.[8]

Here, by her "Motion for Change to Proper Venue," Hirsch appears to be trying to prevent the state court foreclosure post-judgment proceedings from going forward.   *See* Doc. No. 1, at 2 (seeking "to prevent any illegal impersonation and misidentification . . . based on a pending hearing in the 18th Judicial Circuit Court for a 'Writ of Possession' on November 19, 2021").   And notably, in her "2nd Amended Complaint" filed in this Court, Hirsch is asking this Court to dismiss the underlying state court foreclosure proceeding with prejudice, and asks that her "stolen property be returned to [her]."   *See* Doc. No. 10, at 8 ¶¶ (V)(d), (g).   Given that Hirsch is asking for this Court's interference with ongoing post-judgment state court foreclosure proceedings, which implicate important state interests,[9] and that Hirsch has an adequate opportunity to present her challenges in the state court proceedings,[10] abstention under *Younger* and its progeny is appropriate.   *See*

---

[8] The *Younger* abstention doctrine may be raised *sua sponte*.   *See Belloti v. Baird*, 428 U.S. 132, 143 n.10 (1976).   *See also Boyd v. Georgia*, 512 F. App'x 915, 916 (11th Cir. 2013) (affirming a *sua sponte* dismissal under *Younger*).

[9] *See, e.g., Sergeon v. Home Loan Ctr., Inc.*, No. 3:09-cv-01113-J-32JBT, 2010 WL 5662930, at *4 (M.D. Fla. Oct. 26, 2010) ("Florida has an important state interest in determining disputes that affect title to Florida real estate, including mortgage foreclosure actions, and in resolving such controversies unimpeded by federal interference."), *report and recommendation adopted*, 2011 WL 308176 (M.D. Fla. Jan. 27, 2011).

[10] The undersigned further notes that Hirsch has not carried her burden to establish that the state procedures are inadequate.   *Cf. Butler*, 245 F.3d at 1262.

*generally Boyd*, 512 F. App'x at 918 ("In order to decide whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the effect it would have on the state proceedings." (quoting *31 Foster Children*, 329 F.3d at 1276)).   *See also Amcat Glob., Inc. v. Yonaty*, 192 F. Supp. 3d 308, 313 & n.1 (N.D.N.Y. 2016) (noting that *sua sponte* remand of a state court matter under *Younger* may be appropriate); *Deutsche Bank Tr. Co. v. Hollander-Kellman*, No. 12-12699, 2012 WL 3639283, at *3 (E.D. Mich. Aug. 24, 2012) (*sua sponte* remanding pursuant to *Younger* abstention, finding that the court should not interfere with ongoing state eviction proceedings).

For these reasons, I will respectfully recommend, to the extent that Hirsch has effected removal of the ongoing state court foreclosure proceedings (Case No. 05-2015-CA-011763-XXXX-XX), that the Court deny Hirsch's "Motion for Change to Proper Venue" and *sua sponte* remand the state court foreclosure matter to the Eighteenth Judicial Circuit Court, in and for Brevard County, Florida.[11]

---

[11] Based on the recommendation that the Court *sua sponte* remand the matter to state court, I will further recommend that Wilmington Trust's motion to remand (Doc. No. 6) be denied as moot.   Thus, to the extent that Hirsch seeks to strike the motion to remand (Doc. No. 8) that request should likewise be denied as moot.   Notably, Hirsch's motion to strike, imbedded within her response, is also procedurally improper.   *See generally Williams v. Bank of Am. Corp.*, No. 3:15-cv-1449-J-39MCR, 2016 WL 11618569, at *1 (M.D. Fla. June 24, 2016) ("[I]nclusion of a request for affirmative relief in a response rather than filing a motion is improper.").

### III.    DISMISSAL OF THE SECOND AMENDED COMPLAINT.[12]

Assuming that Hirsch's "Motion for Change to Proper Venue" was instead meant to be a complaint, thereby instituting an independent civil action in this Court, Defendants Michelle L. Naberhaus and Rachel M. Sadoff have moved to dismiss as it relates to the second amended version of that document.   Doc. Nos. 22, 24.   *See* Doc. No. 10 ("2nd Amended Complaint").   More specifically, Defendant Naberhaus moves to dismiss for lack of subject matter jurisdiction under the *Younger* abstention doctrine, or alternatively, because of absolute judicial immunity, Eleventh Amendment immunity, or because the 2nd Amended Complaint is a shotgun pleading.   Doc. No. 22.   Defendant Sadoff, on the other hand, moves to dismiss for failure to state a claim.   Doc. No. 24.   Each of these contentions will be addressed in turn.[13]

---

[12] Given that Hirsch is proceeding *pro se*, the undersigned has liberally construed each of her filings.   *See generally Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).   Therefore, to the extent that the "2nd Amended Complaint" addresses "seizure of privately owned property without due process of law," or insofar as her claims might otherwise be raised pursuant to 42 U.S.C. § 1983, the undersigned has found for purposes of this Report that her "2nd Amended Complaint" raises federal claims sufficient to confer jurisdiction over a civil matter independent from the removal of the underlying state court foreclosure claims.   *See* 28 U.S.C. § 1331; *Behr*, 8 F.4th at 1212.

[13] In addressing each of these issues, the undersigned has fully considered Hirsch's responses to the motions to dismiss.   *See* Doc. Nos. 30, 32.   To the extent that Hirsch also labels her response to Defendant Sadoff's motion to dismiss as an "objection," by which she imbeds an objection to "being addressed as pro se," instead of "Sui Juris on the Land and Soil jurisdiction in an Article III court," *see* Doc. No. 32, I will recommend that the Court reject such contention, and overrule and otherwise deny the objection as improperly imbedded within a response.   *See generally Williams*, 2016 WL 11618569, at *1 ("[I]nclusion of a request for affirmative relief in a response rather than filing a motion is improper.").

A.     *Younger* Abstention.

Defendant Naberhaus, who is the state court judge presiding over the underlying state court foreclosure action, contends that Hirsch's "2nd Amended Complaint" is barred by the *Younger* abstention doctrine, in that Hirsch seeks federal court intervention in the ongoing state foreclosure case, the foreclosure case implicating an important state interest, and Hirsch has not demonstrated lack of an adequate state court remedy for her claims.   Doc. No. 22, at 5–6.

On review, the undersigned agrees that, to the extent that Hirsch is attempting to institute an independent civil matter in this Court requesting interference without ongoing state court proceedings, the Court should abstain from resolving her claims, in toto, pursuant to *Younger*.

More specifically, as discussed above, the Court considers three factors in determining whether abstention pursuant to *Younger* is appropriate:   whether the proceedings constitute an ongoing state judicial proceeding; whether the proceedings implicate important state interests; and whether there is an adequate opportunity in the state proceedings to raise constitutional challenges.   *Boyd*, 512 F. App'x at 917 (quoting *31 Foster Children*, 329 F.3d at 1274).   A review of Hirsch's "2nd Amended Complaint" and the motions papers demonstrates that all three factors exist in this case.

First, in the second amended complaint, Hirsch demands from this Court as relief, among other things, "that Case No. 05-2015-CA-011763[] be dismissed with prejudice" and that her "stolen property be returned" to her.   *See* Doc. No. 10, at 8–9.   In addition, in the "Motion for Change to Proper Venue," Hirsch cites to efforts to "illegally confiscate" her property and apprises this Court of a then-upcoming hearing in the state trial court on a writ of possession.   *See* Doc. No. 1.   These are clearly ongoing state judicial proceedings, and the fact that the state court matter is pending on appeal does not compel a different result.   *See Redner v. Citrus Cty. Fla.*, 919 F.2d 646, 649 (11th Cir. 1990) (quotation omitted) ("A state's trial and appeals process is considered a unitary system, and *Younger* prevents a federal court from disrupting the process while a case is on appeal.").

Second, as discussed above, the ongoing state court foreclosure proceedings implicate an important state interest.   *See, e.g.*, *Sergeon v. Home Loan Ctr., Inc.*, No. 3:09-cv-01113-J-32JBT, 2010 WL 5662930, at *4 (M.D. Fla. Oct. 26, 2010) ("Florida has an important state interest in determining disputes that affect title to Florida real estate, including mortgage foreclosure actions, and in resolving such controversies unimpeded by federal interference."), *report and recommendation adopted*, 2011 WL 308176 (M.D. Fla. Jan. 27, 2011); *Huber v. GMAC Mortg., LLC*, No. 8:11-cv-1250-T-30EAJ, 2011 WL 6020410, at *2 (M.D. Fla. Dec. 2, 2011) ("Many courts recognize that state mortgage foreclosure actions implicate important state interests.").   *See also*

*McCone v. Kest*, No. 6:20-cv-1946-CEM-EJK, 2021 WL 5034979, at *2 (M.D. Fla. Aug. 5, 2021), *report and recommendation adopted*, 2021 WL 5035005 (M.D. Fla. Aug. 25, 2021) (finding important state interests were implicated because the plaintiff was "asking this Court to take actions against state court judges and a state court officer directly related to their official duties").

Third, federal courts "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *31 Foster Children*, 329 F.3d at 1279 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).  Here, Hirsch has presented no authority suggesting that the state procedures are inadequate to redress her injury; indeed, she has appealed the final judgment of foreclosure to the state appellate court.  *See* Doc. No. 6, at 17.  Thus, Hirsch has not carried her burden of establishing "that the state procedures are inadequate."  *See Butler*, 245 F.3d at 1262.

Accordingly, it would be proper for the Court to abstain from interfering with the ongoing state court proceedings pursuant to *Younger* and its progeny.  *See, e.g., McCone*, 2021 WL 5034979, at *2, *report and recommendation adopted*, 2021 WL 5035005 (M.D. Fla. Aug. 25, 2021) (finding all three factors of the *Younger* abstention doctrine satisfied where the plaintiff was asking the Court to lift a stay of his case in state

court, overrule actions taken by state judges in his ongoing case, and direct the actions of a state court clerk).[14]

### B.   Eleventh Amendment Immunity.

Defendant Naberhaus also seeks dismissal based on Eleventh Amendment immunity.   Doc. No. 22, at 7–8.   She contends that although Hirsch appears to bring claims for negligence, failure to train, breach of fiduciary duty, and malicious prosecution, Hirsch "has not alleged or pointed to any statutes where Congress has abrogated the State's Eleventh Amendment immunity for these claims."   *Id.* at 7.

"The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity."   *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995) (quoting *Lassiter v. Ala. A & M Univ.*, 3 F.3d 1482, 1485 (11th Cir. 1993)).   The Eleventh Amendment bars suits against employees or officers sued in their official capacities for monetary damages, because those actions seek recovery from state funds.   *See Kentucky v. Graham*, 473 U.S. 159, 165–68 (1985);

---

[14] To the extent that the 2nd Amended Complaint is seeking to overturn the state court foreclosure judgment, *see* Doc. No. 10, at 8–9 (asking that the state court foreclosure case be dismissed with prejudice), the analysis concerning *Rooker-Feldman*, discussed above, would apply equally to dismissal of Hirsch's 2nd Amended Complaint.   *See, e.g.*, *Hirschhorn v. Ross*, No. 06-61504-CIV, 2007 WL 9700847, at *2 (S.D. Fla. Feb. 20, 2007) ("Plaintiffs are seeking an order from this Court that 'prior rulings entered against them [in state court] . . . are void,' thus placing this claim squarely within the bounds of the *Rooker-Feldman* doctrine.").

*Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993).   An exception to the rules regarding Eleventh Amendment immunity exists, however, "for suits against state officials seeking prospective equitable relief to end ongoing and continuing violations of federal law."   *Higdon v. Tusan*, 746 F. App'x 805, 810 (11th Cir. 2018) (discussing *Ex Parte Young*, 209 U.S. 123 (1908)).

Here, the relief Hirsch seeks against Defendant Naberhaus is:   (1) that an "unanswered Constitutional Question . . . be resolved by an answer," (2) that the underlying state court foreclosure proceedings be dismissed with prejudice, and (3) unspecified "remedy, relief, and restitution" for her malicious prosecution and "conscription into foreign jurisdictions."   Doc. No. 10, at 8–9.   Although the scope of relief sought by Hirsch is not entirely clear, inasmuch as Hirsch seeks monetary damages against Defendant Naberhaus in her official capacity, those claims are barred by Eleventh Amendment immunity.   *See, e.g.*, *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996) (damages suit against state judge in his official capacity was barred by the Eleventh Amendment); *Zabriskie v. Court Admin.*, 172 F. App'x 906, 908–09 (11th Cir. 2006) (affirming dismissal of plaintiff's claims for monetary damages against Florida circuit court administrators and employees, finding that defendants were part of the state court system and therefore an arm of the state entitled to Eleventh Amendment immunity).[15]

---

[15] To the extent that Hirsch intended to raise her claims against Defendant Naberhaus

C.    <u>Judicial Immunity</u>.[16]

Defendant Naberhaus also argues that she is entitled to absolute judicial immunity from Hirsch's claims.   Doc. No. 22, at 8–9.   The undersigned agrees.

Judges are entitled to absolute immunity from civil liability for acts performed in their judicial capacity, so long as those acts "are not done in the 'clear absence of all jurisdiction.'"   *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)).   "A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009) (citing *Dykes v. Hosemann*, 776 F.2d 942, 947–48 (11th Cir. 1985)).

Here, as Defendant Naberhaus argues, she "was undoubtedly performing judicial acts while presiding over [Hirsch's] foreclosure case," and Hirsch has not really alleged otherwise.   *See* Doc. No. 22, at 9.   *See also* Doc. Nos. 10, 30.   So, Defendant Naberhaus is entitled to judicial immunity for acts taken in her judicial capacity.   *See, e.g.*, *Wilson v. Bush*, 196 F. App'x 796, 799 (11th Cir. 2006) (finding

---

under 42 U.S.C. § 1983, "[i]t is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits."   *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).

[16]  I note that "before abstaining under *Younger*, a court may decide preliminary issues such as immunity from suit and other procedural bars that warrant with-prejudice dismissals."   *Mellen v. Florida*, No. 3:13-cv-1233-J-34PDB, 2014 WL 5093885, at *7 (M.D. Fla. Oct. 9, 2014) (citing *Redner v. Citrus Cty.*, 919 F.2d 646, 648 n.3 (11th Cir. 1990)).

judicial immunity applied where the plaintiff's claims were based on allegations that judges merely acted corruptly and conspired with other parties, but not that the judges acted in the absence of all jurisdiction).   Accordingly, I will also recommend that Hirsch's official capacity claims against Defendant Naberhaus also be dismissed based on grounds of judicial immunity.

     D.   <u>Shotgun Pleading</u>.

Defendant Naberhaus also argues that the 2nd Amended Complaint should be dismissed as a shotgun pleading for failure to separate each claim into a separate count or plead claims against the named Defendants individually.   Doc. No. 22, at 10–11.   The undersigned again agrees.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"   *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).   "Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without

specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Hirsch's 2nd Amended Complaint constitutes the second, third, and fourth types of shotgun pleading, failing to separate her claims into separate causes of action; failing to specify against which Defendants she asserts which claims; and repeatedly reciting "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See* Doc. No. 10.   Accordingly, I will respectfully recommend that, at minimum, Hirsch's 2nd Amended Complaint be dismissed as a shotgun pleading. *See Weiland*, 792 F.3d at 1320–23.

E.   <u>Failure to State a Claim</u>.

Defendant Sadoff moves to dismiss the 2nd Amended Complaint because Hirsch "does not assert a cognizable cause of action or claim against" her. Doc. No. 24.

As discussed throughout this Report, Hirsch's 2nd Amended Complaint is disjointed, contains rambling assertions not clearly connected to any particular cause of action, and is largely incomprehensible. Doc. No. 10.   To the extent that any particular causes of action are asserted, those include only "gross negligence, failure to train, breach of fiduciary" against "all Defendants" and a potential claim

of malicious prosecution against Defendant Naberhaus.  *See* Doc. No. 10, at 2–3. But, as it relates to factual allegations as to Defendant Sadoff in particular, besides an assertion that she is the Clerk of Court for the Eighteenth Judicial Circuit, and that she docketed a document submitted by Judge Naberhaus, *see* Doc. No. 10, at 7 ¶ 12, the 2nd Amended Complaint contains no further allegations against her. Accordingly, I find Defendant Sadoff's motion to dismiss for failure to state a claim against her well taken.  *See, e.g.*, *IOU Cent., Inc. v. Kailani Tours Hawaii, LLC*, No. 1:20-CV-0448-LMM, 2021 WL 806340, at *3, *4 (N.D. Ga. Feb. 24, 2021) (finding the plaintiff's legal conclusions and non-specific allegations about the defendants collectively failed to state a claim against an individual defendant).

For all of these reasons, and in particular under the *Younger* abstention doctrine and pursuant to *Rooker-Feldman*, I will respectfully recommend that the Court grant the motions to dismiss (Doc. Nos. 22, 24) and dismiss Hirsch's "2nd Amended Complaint" in toto.[17]

---

[17] Although the motions to dismiss were filed only by Defendants Naberhaus and Sadoff, *see* Doc. No. 22, 24, as discussed above, the Court can address the issues of *Younger* abstention and the *Rooker-Feldman* doctrine *sua sponte*.  *See Belloti*, 428 U.S. at 143 n.10; *Boyd*, 512 F. App'x at 916; *Bell*, 682 F. App'x at 737.  Given that Hirsch seeks the same categories of relief against all Defendants collectively, *see* Doc. No. 10, at 8–9, the analysis regarding *Younger* abstention and the *Rooker-Feldman* doctrine is equally applicable to all Defendants in this case.  So, I will recommend that the Court dismiss the 2nd Amended Complaint (Doc. No. 10) in toto as to all Defendants on these grounds.

## IV.    LEAVE TO AMEND.

Ordinarily, the Court should *sua sponte* provide a *pro se* party one opportunity to amend his/her complaint, even if not requested.   *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))).   "However, a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile."   *Id.* (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Upon consideration, in this case, I will recommend that the Court decline to permit Hirsch to further amend her pleadings in this case for several reasons.   First, in general, a "complaint dismissed pursuant to *Younger* is without prejudice."   *Hale v. Pate*, 694 F. App'x 682, 685 (11th Cir. 2017) (citing *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1264 (11th Cir. 1997)).   But leave to amend after dismissal pursuant to *Younger* is unnecessary in this case, given the futility of amendment.   *See, e.g.*, *Hatcher v. Alabama Dep't of Hum. Servs., Child Support Enf't Div.*, 747 F. App'x 778, 782 (11th Cir. 2018) (affirming dismissal without leave to amend on *Younger* abstention grounds upon conclusion that amendment would be

futile).[18]   Second, Hirsch has already filed at least two, if not three, versions of her complaint in this Court.   *See* Doc. Nos. 1, 7, 10.   And Hirsch does not ask for further leave to amend in response to the motions to dismiss.   *See* Doc. Nos. 30, 32. Third, Hirsch's pleadings are largely incomprehensible, and at bottom, raise claims that she is a sovereign citizen and cannot be subject to the state court's judgment. *See* Doc. Nos. 1, 7, 10.   Courts routinely reject sovereign citizen complaints as frivolous.   *See States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013).   *See also Roach v. Arrisi*, 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016). Finally, as it relates to the claims against Defendant Naberhaus in her judicial capacity, dismissal with prejudice is appropriate.   *See Overcash v. Shelnutt*, 753 F. App'x 741, 745 (11th Cir. 2018) (affirming dismissal of amended complaint with prejudice on grounds of judicial immunity).[19]

For these reasons, I will respectfully recommend that the Court dismiss this matter without *sua sponte* permitting further amendment.

---

[18] The same holds true of dismissal of Hirsch's complaints under the *Rooker-Feldman* doctrine.   *See Hill v. Johnson*, 787 F. App'x 604, 608 (11th Cir. 2019) ("[T]he district court did not abuse its discretion in denying his motion for leave to amend, as amendment would have been futile because the ultimate relief Hill sought in the district court—review of the state court judgments against his farm—is barred by the *Rooker-Feldman* doctrine.").

[19] I note, however, that dismissal pursuant to Eleventh Amendment immunity would be a dismissal without prejudice for lack of subject matter jurisdiction.   *See Nichols v. Alabama State Bar*, 815 F.3d 726, 733 (11th Cir. 2016).

## V.     OTHER OUTSTANDING MOTIONS/FILINGS.

Based on the foregoing recommendations that the Court deny Hirsch's "Motion for Change to Proper Venue" and *sua sponte* remand the ongoing foreclosure matter to state court, and that Hirsch's "2nd Amended Complaint" be dismissed without leave to amend, I will further recommend that any remaining outstanding motions not explicitly addressed in this Report (*see* Doc. Nos. 2, 23, 25, 39, 50–52) be **DENIED as moot**.

## VI.    RECOMMENDATION.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the Court:

1.     **DENY** Hirsch's Motion for Change to Proper Venue (Doc. No. 1).

2.     **REMAND**, *sua sponte*, the state court foreclosure matter to the Eighteenth Judicial Circuit Court, in and for Brevard County, Florida.

3.     **DENY as moot** Wilmington Trust's Motion to Remand (Doc. No. 6).

4.     **DENY as moot** Hirsch's Motion to Strike (Doc. No. 8).

5.     **GRANT** Defendant Naberhaus' Motion to Dismiss (Doc. No. 22).

6.     **GRANT** Defendant Sadoff's Motion to Dismiss (Doc. No. 24).

7.     **DENY** Hirsch's "Objection" to Defendant Sadoff's Motion to Dismiss (Doc. No. 32).

8.    **DISMISS** Hirsch's 2nd Amended Complaint (Doc. No. 10), without leave to amend.

9.    **DENY as moot** all other outstanding motions (Doc. Nos. 2, 23, 25, 39, 50–52).

10.   **DIRECT** the Clerk of Court to thereafter close the file.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 27, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party