UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DEBRA ANNETTE HIRSCH,**

      **Plaintiff,**

v.                                          Case No. 6:21-cv-1920-CEM-LHP

**18TH JUDICIAL CIRCUIT
COURT OF FLORIDA, OFFICE
OF CLERK OF CIRCUIT COURT
BREVARD COUNTY, FLORIDA,
RACHEL M. SADOFF, RACHEL
M. SADOFF, MICHELLE L.
NABERHAUS, and MICHELLE L.
NABERHAUS,**

      **Defendants.**

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Change to Proper Venue ("Motion for Change," Doc. 1); Defendant Wilmington Trust, National Association's Motion to Remand ("Wilmington Motion," Doc. 6); Plaintiff's Reply in Opposition and Motion to Strike Motion for Remand ("Motion to Strike," Doc. 8); Defendant Michelle L. Naberhaus's Motion to Dismiss ("Naberhaus Motion," Doc. 22); Defendant Rachel M. Sadoff's Motion to Dismiss ("Sadoff Motion," Doc. 24); and Plaintiff's Objection to Appearance of Defendant Sadoff's Counselor and Rebuttal of [Doc. 24] and Plaintiff's Motion for Clarification of Good Faith

Competency Requirements with a Conclusion ("Objection to Appearance," Doc. 32).

The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 62), recommending that the Motion for Change be denied insofar as it seeks to remove the case from state court and that the case be remanded thereto. (*Id.* at 8–16). In light of that recommendation, the R&R recommends that the Wilmington Motion and Plaintiff's Motion to Strike be denied as moot. (*Id.* at 16). Insofar as the Motion for Change and Second Amended Complaint seek to establish an independent civil action, the R&R recommends that the Naberhaus Motion and the Sadoff Motion be granted, Plaintiff's Objection to Appearance be denied, and the Second Amended Complaint be dismissed without leave to amend. (*Id.* at 17–30).

In response to the R&R, Plaintiff, a pro se litigant, filed an Objection ("R&R Objection," Doc. 66). Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely[1] objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s]

---

[1] The R&R Objection was untimely filed a day after the seventeen days allowed for such a response—fourteen days plus three days for service by mail. Fed. R. Civ. P. 6(a), (d); 72(a). However, in recognition of Plaintiff's pro se status and that the filing was only tardy by one day the Court will consider the objections.

independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The R&R Objection contains primarily four arguments.

First, Plaintiff objects to the R&R's recommendation of dismissal and remand as to the Motion for Change. Plaintiff explains that her filing of the Second Amended Complaint was intended to replace the Motion for Change and the first Amended Complaint as the operative pleading, such that the Motion for Change should be considered "null and void." (Doc. 66 at 3). Plaintiff argues that the Second Amended Complaint is an independent action based on "a complete diversity of citizenship and constitutional question" and that she is not attempting to remove the state court case in any of her filings. (*Id.* at 5–6). Based on Plaintiff's withdrawal of the relief sought in her Motion for Change and first Amended Complaint, the Motion for Change will be terminated, and the Court will only proceed with the analysis of the Second Amended Complaint and attendant motions.

Second, Plaintiff objects to what she perceives to be procedural defects committed by Defendants and their counsel in their filings and conduct throughout this litigation. (*Id.* at 9–10, 12–14). Defendants and counsel have not committed

procedural errors; Plaintiff's arguments to this point are without merit. This objection will be overruled.

Third, Plaintiff objects to the R&R's recommendation to grant the Naberhaus Motion and the Sadoff Motion on the bases of, among other reasons, the *Younger* abstention doctrine and Eleventh Amendment and judicial immunity. The only specific objection[2] to the R&R's application of the *Younger* doctrine posed by Plaintiff is that it cannot apply because she did not receive an evidentiary hearing, as requested. (*See* Request for an Evidentiary Hearing, Doc. 10-1, at 4; Doc. 66 at 15). Plaintiff is not entitled to an evidentiary hearing at this time nor does the lack of an evidentiary hearing impact the substantive analysis of the application of the *Younger* doctrine. This objection will be overruled.

As to immunity, Plaintiff's only cognizable objection to this point is that immunity does not apply when one is "seeking to impose individual and personal liability" on officials. (Doc. 66 at 16). However, as discussed in the R&R, Plaintiff is seeking to impose liability on judicial officials and court employees for actions taken in their official capacity, which is barred by Eleventh Amendment and judicial immunity. (*See* Doc. 62 at 21–24). Plaintiff has failed to provide a meritorious argument as to why immunity should not apply, and this objection will be overruled.

---

[2] Plaintiff's remaining arguments as to the *Younger* doctrine are merely that she "rejects and objects to" the doctrine and believes it to be "nonsensical." (Doc. 66 at 11–12, 15, 17). This is insufficient to state an objection for which this Court can review.

Finally, Plaintiff simply "objects and rejects" the R&R's recommendation to deny Plaintiff leave to amend. (Doc. 66 at 18). Upon review, the Court agrees with the R&R's analysis that leave to amend would be futile in this case. (Doc. 62 at 27–28). This objection will be overruled. The remainder of the R&R Objection contains general disagreements with the R&R's findings, which are incomprehensible and insufficient to state objections that this Court can review.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 62) is **ADOPTED** as amended herein and made a part of this Order.

2. The Clerk is directed to **TERMINATE** Plaintiff's Motion for Change to Proper Venue (Doc. 1).

3. Wilmington Trust, National Association's Motion to Remand (Doc. 6) is **DENIED as moot**.

4. Plaintiff's Reply in Opposition and Motion to Strike Motion for Remand (Doc. 8) is **DENIED as moot**.

5. Michelle L. Naberhaus's Motion to Dismiss (Doc. 22) is **GRANTED**.

6. Rachel M. Sadoff's Motion to Dismiss (Doc. 24) is **GRANTED**.

7. Plaintiff's Objection to Appearance of Defendant Sadoff's Counselor and Rebuttal of [Doc. 24] and Plaintiff's Motion for Clarification of

Good Faith Competency Requirements with a Conclusion (Doc. 32) is **DENIED**.

8. Plaintiff's Second Amended Complaint (Doc. 10) is **DISMISSED without leave to amend**.

9. All remaining pending motions are **DENIED as moot**.

10. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 6, 2022.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party